UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHLEEN LEAVEY,

    Plaintiff,

v

THE CITY OF DETROIT, a Michigan Municipal Corporation, the 36th DISTRICT COURT, a third class district court, and the HON. MARYLIN E. ATKINS, Chief Judge of the 36th District Court,

    Defendants.

Case No.
Hon:

James K. Fett (P39461)
Joshua R. Fields (P68559)
Fett & Fields, P.C.
805 E. Main St.
Pinckney, MI 48169
734-954-0100
Attorney for Plaintiff

# COMPLAINT AND JURY DEMAND

Plaintiff Kathleen Leavey ("Leavey"), through her counsel Fett & Fields, P.C., states the following complaint against Defendants City of Detroit (the "City"), the Honorable Marylin E. Atkins ("Judge Atkins"), and the 36th District Court:

## Nature of Action

1. In this action, Leavey alleges First Amendment retaliation, First Amendment retaliatory defamation and race discrimination under 42 U.S.C. §1983

2. Leavey seeks money damages in excess of $75,000.00, injunctive relief and declaratory relief against Defendants.

1

## Jurisdiction and Parties

3. Leavey invokes the jurisdiction of this Court under 28 U.S.C. §1331.

4. Leavey is a resident of Wayne County, Michigan.

5. Defendant City of Detroit is a Michigan Municipal Corporation located in Wayne County, Michigan.

6. Defendant Honorable Marylin E. Atkins is a resident of Wayne County, Michigan and Chief Judge of the 36th District Court.

7. Defendant 36th District Court is a third class State of Michigan district court.

8. Defendant 36th District Court serves the City of Detroit and is funded by Defendant City.

9. The events underlying this complaint occurred in the Eastern District of Michigan.

## General Allegations

10. In January of 2009, Leavey was Interim Corporation Counsel for Defendant City of Detroit.

11. Leavey expected to be named permanent Corporation Counsel.

12. On January 14, 2009, Leavey participated in a conference call with Dennis Mazurek, Chief Assistant Corporation Counsel for the City, and Constance Allen, Judicial Assistant to Defendant Judge Atkins.

13. Leavey, Mazurek and Allen are all White.

14. The purpose of the conference call was to discuss payment by the City of a judgment in the amount of $424,000.00 against the 36th District Court in the case of Sciotti v. 36th District Court.

15. During the conference call, and as an aside, Leavey and Mazurek expressed their personal dissatisfaction with the operation of the court.

16. For example, Mazurek stated that the court was a "part-time" court whose judges were not available in the afternoon.

17. During the conversation, Leavey remarked: "You know, Connie [Allen], people regard the 36th District Court as a ghetto court because of the way you treat people."

18. In making the remark, Leavey meant that the 36th District Court was regarded in the community as providing very poor and inefficient public service because, in fact, it provides very poor and inefficient service.

19. Leavey's comment had nothing to do with race.

20. In fact, the on-line Urban Dictionary defines "ghetto" as "a run down poor side of town or when something is jerry-rigged and looks like it was made in a half-assed fashion".

21. The Slang Dictionary defines "ghetto" as "backwards and messed up".

22. Leavey's colleagues are 90% African–American and, like Leavey, occasionally use the term "ghetto" to describe things as inadequate, "backward or messed up".

23. Leavey's African-American colleagues have never been subject to discipline, admonishment or ridicule for using the term "ghetto".

24. Defendants' supposed umbrage at Leavey because of her use of the term "ghetto" was based, in part, on Leavey's race, White (Caucasian).

25. Had Plaintiff been African-American, Defendants would not have given a second thought to Leavey's use of the term "ghetto"; Judge Atkins and the 36th District Court would still have taken umbrage at Leavey's criticism of the dysfunctional 36th District Court because it reflected negatively on them.

26. Leavey did not make her comment regarding the operations of the 36th District Court pursuant to her official duties as Interim Corporation Counsel, but rather, as a private citizen concerned with a dysfunctional public institution.

27. Neither Leavey nor her employer had the ability to alter Defendant City's funding of the 36th District Court based on the efficacy of its operations.

28. Allen reported her conversation with Leavey and Mazurek to Judge Atkins in an email. See **Exhibit A**.

29. Later that day, a "highly offended and angry" Judge Atkins forwarded Allen's email to Saul Green, Deputy Mayor of the City. See **Exhibit A**.

30. Judge Atkins also responded to Leavey with a January 15, 2009 letter. See **Exhibit B**.

31. Judge Atkins copied the letter to Detroit Mayor Kenneth Cockrel, Deputy Mayor Green, all of the Judges and Magistrates of the 36th District Court, the Court Administrator, the Region 1 Administrator, City Council President Monica Conyers, City Council President Pro Tem Joann Watson and Mazurek.

32. In the letter, Judge Atkins characterized Leavey's statement as racist and stated: "Your remark also speaks volumes about your character and your qualifications to be this city's top lawyer."

33. Deputy Mayor Green soon met with Leavey and expressed his concern over the situation.

34. Deputy Mayor Green later required that Leavey submit her resignation as Interim Corporation Counsel.

35. Leavey complied.

36. However, shortly thereafter, Leavey emailed Mayor Cockrel and asked him not to accept her resignation.

37. She also stated that her remark was grossly misrepresented and requested a meeting with the Mayor so that she could explain the situation.

38. Unfortunately, Cockrel accepted the resignation in late January via a letter backdated to January 15, 2009.

39. Leavey then returned to her former civil service position with the City of Detroit.

40. Leavey earns a much lower salary from the one she earned as Interim Corporation Counsel.

41. Finally, Leavey was replaced by an African-American female.

## COUNT I
### First Amendment Retaliation in Violation of 42 U.S.C. §1983
### (Against Defendants Judge Atkins And The 36th District Court)

42. Leavey restates and incorporates by reference the allegations contained in the previous paragraphs of her Complaint.

43. Leavey engaged in protected activity under the First Amendment by speaking as a citizen on a matter of public concern, i.e. the dysfunctional operation of the 36th District Court.

44. Defendant Atkins was highly offended by Leavey's legitimate criticism because it reflects poorly on her leadership as chief judge.

45. Defendant Atkins lashed out at Leavey because of her speech by forwarding Allen's January 14, 2009 email to Mr. Green and later sending Leavey her January 15th letter with copies to Mayor Cockrel, Mr. Green and various other high-ranking City and Court officials.

46. In forwarding the email and letter, Judge Atkins was acting under color of State law, i.e. in her capacity as Chief Judge of the 36th District Court.

47. Defendant Atkins' attack on Leavey would deter a person of ordinary firmness from continuing to engage in the protected conduct.

48. Defendant Atkins lashed out at Leavey because of her protected (and legitimate) criticism of the 36th District Court.

49. Judge Atkins' actions were intentional and motivated by evil motive or intent, or, in the alternative, involved reckless and callous indifference to Leavey's rights.

50. Defendant Atkins' actions have caused Leavey to sustain now and in the future economic and non-economic damages.

51. Accordingly, Leavey requests that the Court enter judgment against Defendants Judge Atkins and the 36th District Court as follows:

    a. Economic damages, including but not limited to back pay and front pay (lost wages);

    b. Non-economic damages to compensate for the mental and emotional distress, outrage, and humiliation she has suffered, and continues to suffer, as a result of Defendants' illegal actions;

    c. Punitive damages;

    d. Costs, interest and reasonable attorney fees; and

    e. Such other equitable relief as the Court deems just, including an injunction enjoining Defendants from illegally retaliating against Plaintiff in any way.

## COUNT II
## First Amendment Retaliatory Defamation in Violation of 42 U.S.C. §1983
## (Against Defendants Judge Atkins And The 36th District Court)

52. Leavey restates and incorporates by reference the allegations contained in the previous paragraphs of her Complaint.

53. Leavey engaged in protected activity under the First Amendment by speaking as a citizen on a matter of public concern, i.e. the dysfunctional operation of the 36th District Court.

54. Defendant Atkins was highly offended by Leavey's legitimate criticism because it reflects poorly on her leadership as chief judge.

55. Defendant Atkins made false and defamatory statements that Leavey's legitimate criticism of the court was racist in her January 15, 2009 letter to Leavey.

56. Defendant Atkins communicated those unprivileged statements to third parties by forwarding her January 15th letter to Mayor Cockrel, Mr. Green and various other high-ranking City and Court officials.

57. In forwarding the letter, Judge Atkins was acting under color of State law, i.e. in her capacity as Chief Judge of the 36th District Court.

58. Defendant Atkins lashed out at Leavey because of her protected (and legitimate) criticism of the 36th District Court.

59. Defendant Atkins' attack on Leavey would deter a person of ordinary firmness from continuing to engage in speech protected by the First Amendment (here legitimate criticism of the 36th District Court).

60. Defendant Atkins forwarded the letter intentionally with knowledge of the falsity of her statements, or, in the alternative, with a reckless disregard for their truth or falsity.

61. Judge Atkins' actions were intentional and motivated by evil motive or intent, or, in the alternative, involved reckless and callous indifference to Leavey's rights.

62. Publication of Defendant Atkins' statements that Leavey's comment was racist caused Leavey special damages in the form of lost wages (i.e. a significant reduction in salary due to Leavey's demotion to her civil service position and reduced future earnings).

63. Defendant Atkins' actions have caused Leavey to sustain now and in the future economic and non-economic damages.

64. Accordingly, Leavey requests that the Court enter judgment against Defendants Judge Atkins and the 36th District Court as follows:

    a. Economic damages and special damages, including but not limited to back pay and front pay (lost wages);

    b. Non-economic damages to compensate for the mental and emotional distress, outrage, and humiliation she has suffered, and continues to suffer, as a result of Defendants' illegal actions, as well as damage to her feelings;

    c. Punitive damages;

    d. Costs, interest and reasonable attorney fees; and

    e. Such other equitable relief as the Court deems just, including an injunction enjoining Defendants from illegally retaliating against Plaintiff in any way.

## COUNT III
## First Amendment Retaliation in Violation of 42 U.S.C. §1983
## (Against Defendant City of Detroit)

65. Leavey restates and incorporates by reference the allegations contained in the previous paragraphs of her Complaint.

66. Leavey engaged in protected activity under the First Amendment by speaking to a third-party as a citizen on a matter of public concern, i.e. the dysfunctional operation of the 36th District Court.

67. Defendant Atkins lashed out at Leavey because of her speech by forwarding Allen's January 14, 2009 email to Mr. Green and later sending Leavey her January 15th letter with copies to Mayor Cockrel, Mr. Green and various other high-ranking City and Court officials

68. Defendant City of Detroit took an adverse action against Leavey (demotion) when Mr. Green and Mayor Cockrel required Leavey to resign as interim Corporation Counsel.

69. In requiring Leavey to resign, Defendant City was acting under color of State law.

70. Defendant City's requirement that Leavey resign as interim Corporation Counsel would deter a person of ordinary firmness from continuing to engage in the protected conduct.

71. Defendant city required Leavey to resign because of her protected (and legitimate) criticism of the 36th District Court.

72. Accordingly, Leavey requests that the Court enter judgment against Defendant City of Detroit as follows:

   a. Economic damages, including but not limited to back pay and front pay (lost wages);

   b. Non-economic damages to compensate for the mental and emotional distress, outrage, and humiliation she has suffered, and continues to suffer, as a result of Defendant's illegal actions;

   c. Costs, interest and reasonable attorney fees; and

   d. Such other equitable relief as the Court deems just, including an injunction enjoining Defendant from illegally retaliating against Plaintiff in any way.

# COUNT IV
## Reverse Race Discrimination in Violation of Plaintiff's 14th Amendment Right to Equal Protection under 42 U.S.C. 1983
## (Against Defendant City of Detroit Only)

73. Leavey restates and incorporates by reference the allegations contained in the previous paragraphs of her Complaint.

74. Defendant City of Detroit demoted Leavey because she used slang, the term "ghetto", commonly used by Leavey's African-American colleagues.

75. African-Americans Mayor Cockrel and Mr. Green, on information and belief, made the decision to demote Leavey.

9

76. Mr. Green, Mayor Cockrel and any other individuals who participated in the decision to demote Leavey would not have demoted her if she was African-American.

77. Defendant City's disparate treatment of Plaintiff violates the Equal Protection Clause of the 14th Amendment and has caused, and will continue to cause, Leavey economic and non-economic damages.

78. Accordingly, Leavey requests that the Court enter judgment against Defendant City of Detroit as follows:

    a. Economic damages, including but not limited to back pay and front pay (lost wages);

    b. Non-economic damages to compensate for the mental and emotional distress, outrage, and humiliation she has suffered, and continues to suffer, as a result of Defendant's illegal actions;

    c. Costs, interest and reasonable attorney fees; and

    d. Such other equitable relief as the Court deems just, including an injunction enjoining Defendant from illegally discriminating and retaliating against Plaintiff in any way.

# JURY DEMAND

NOW COMES Plaintiff Kathleen Leavey, through her counsel Fett & Fields, P.C., and hereby demands trial by jury in the above captioned matter.

        */s/ James K. Fett*
        By: James K. Fett (P39461)
        Fett & Fields, P.C.
        805 E. Main St.
        Pinckney, MI 48169
        734-954-0100
        jim@fettlaw.com

Dated: April 7, 2009        Attorneys for Plaintiff

Affidavit of Mailing

I hereby certify that on **April 7 2009**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: **not applicable**, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: **not applicable.**

             */s/ James K. Fett*
             James K. Fett
             Fett & Fields, P.C.
             805 E. Main St.
             Pinckney, MI 48169
             734-954-0100